# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Columbia Casualty Company, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-01388-JOF |
| City of East Point, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## OPINION & ORDER

This matter is before the court on Plaintiff Columbia Casualty Co. and Defendants City of East Point, City of East Point Police Department, and Chief of Police Leander Robinson's (collectively known as the "East Point Defendants") joint motion to stay [23]. Defendants Mia'Kesha Jordan and Millicent Takyi did not join in the original motion, but later filed a consent to the motion to stay filed by Plaintiff and the East Point Defendants [26].

Jordan and Takyi filed a suit against the East Point Defendants in state court on July 31, 2008. The state court entered the East Point Defendants into default on October 28, 2008, and held a bench trial on the issue of damages on April 20, 2009, after which, the state court entered an Entry of Judgment against the East Point Defendants for $16,000,000. The

East Point Defendants filed a motion to set aside the state court judgment, in part, claiming that they had no notice of the bench trial and were never served with the complaint. The state court denied that motion, which the East Point Defendants then appealed. The appeal is currently pending in state court, and all parties have filed their appellate briefs.

Plaintiff issued a policy to the City of East Point Police Department, and based on that policy, the East Point Defendants have requested that Plaintiff indemnify and defend them in the underlying state case. Plaintiff filed this declaratory judgment action on May 22, 2009. Plaintiff alleges that it does not have to indemnify or defend the East Point Defendants for several reasons. The one pertinent to this motion is Plaintiff's argument that the East Point Defendants did not notify Plaintiff of the state court lawsuit within the time required by the insurance policy. The East Point Defendants, in part, contend that because they were not served with the complaint, they did notify Plaintiff as soon as they were aware the state lawsuit existed.

The parties have requested that the court stay the present proceedings until the pending state law appeal is decided. First, the parties note that if the state court default judgment is overturned, this suit might be wholly unnecessary. Second, the parties argue that the state court's decision might provide valuable guidance to this court. And finally, the parties argue that the state court decision as to whether the East Point Defendants were properly served with the state law claim will effect the current litigation based on the

2

principles of *res judicata* and/or collateral estoppel. The parties maintain that staying the present litigation until the pending state issues are resolved will be in the interest of judicial economy and prevent inconsistent results.

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court finds that staying the present case would be beneficial to the parties and the court, as it would promote judicial efficiency and avoid inconsistent results. The parties' motion for stay is GRANTED [23]. The parties are DIRECTED to inform the court of the status of this case and the underlying state court appeal and any associated petitions for certiorari no later than February 19, 2010.

**IT IS SO ORDERED** this 1st day of December 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)